UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

MICHAEL MARTYN,

      Plaintiff,

v.

BROOKLYN BOYZ PIZZA ENTERPRISES, INC.,
a Florida Corporation, and JOHN FRANK MINEO,
individually,

      Defendants.
_____/

## **COMPLAINT**

COMES NOW Plaintiff, MICHAEL MARTYN, by and through his undersigned counsel, and sues the Defendants, BROOKLYN BOYZ PIZZA ENTERPRISES, INC. (hereinafter, referred to as "BBP"), and JOHN FRANK MINEO individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq. The gravamen of this case is that the Plaintiff was a non-exempt employee hired by the Defendants on an hourly basis, but the Defendants willfully refused to compensate the Plaintiff for all work performed in direct contravention of the law, as well as even the basic minimum wage for such work, under Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

1

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district and were 'employers' under the FLSA.

6. That at all times material hereto, Defendant, JOHN FRANK MINEO individually, acted directly in the interests of his employer, the Defendant, BBP, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, BBP, and is otherwise an 'employer' under the FLSA.

7. That at all times material hereto, Defendant, BBP, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

9. That on or about July, 2016, the Plaintiff, MICHAEL MARTYN was hired as a non-exempt employee by the Defendants.

10. During his employment, Defendants repeatedly failed to timely pay Plaintiff for hours worked, as well as even the basic minimum wage for such work, as required by the FLSA.

11. During the 8 weeks Plaintiff worked, of the four checks received, two of them bounced/were stopped by the Defendants. Plaintiff estimates that he is owed approximately $945.

12. That all records concerning the number of hours actually worked by Plaintiff are in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due.

13. That Plaintiff, however, will exert his diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment

## COUNT I
## FLSA – BBP

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 of this Complaint.

14. That Plaintiff is entitled to minimum wage for hours worked pursuant to the FLSA.

15. That by reason of the intentional, willful and unlawful acts of the Defendant, BBP, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, MICHAEL MARTYN, demands judgment against the Defendant, BBP, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA –JOHN FRANK MINEO

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 of this Complaint.

16. That Plaintiff is entitled to minimum wage for hours worked pursuant to the FLSA.

17. That by reason of the intentional, willful and unlawful acts of the Defendant, JOHN FRANK MINEO, in violation of the FLSA, Plaintiff has suffered damages.

WHEREFORE, Plaintiff MICHAEL MARTYN, demands judgment against the Defendant, JOHN FRANK MINEO, individually, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III

## UNPAID WAGES/FLORIDA STATUTES § 448.08-BBP

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 of this Complaint.

18. That the Defendant as alleged herein and above, has wrongfully withheld unpaid wages owed to the Plaintiff.

19. That as a result of the Defendant's wrongful withholding of Plaintiff's wages, the Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, MICHAEL MARTYN, demands judgment against the Defendant, awarding Plaintiff his unpaid wages, costs, reasonable attorney fees pursuant to Florida Statutes 448.08, as well as any other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL MARTYN, demands trial by jury.

Dated: February 28, 2017.  Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701